# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Payden & Rygel, United Healthcare Services, Inc., and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Mariana Romero

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**4/10/2023 1:45 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By D. Williams, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV07879

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

DATE: *(Fecha)* 04/10/2023 Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court D. Williams , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: United Healthcare Services, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff
Mariana Romero

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/10/2023 1:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

Mariana Romero

Plaintiff,

v.

Payden & Rygel, United Healthcare Services, Inc. and DOES 1-10,

Defendant.

Case No.: 23STCV07879

Complaint For:

1. RECOVERY OF BENEFITS UNDER 29 U.S.C. §1132 (a)(1)(B)

**(Jury Trial Requested)**

Damages - $45,000.00

Plaintiff Mariana Romero (hereinafter referred to as "PLAINTIFF" or "Patient") complains and alleges:

## PARTIES

1. DEFENDANT, Payden & Rygel ("DEFENDANT") is and was licensed to do business in and is and was doing business in the State of California. DEFENDANT is, in fact, transacting business in the State of California and is thereby subject to the laws and regulations of the State of California.

2. United Healthcare Services, Inc. ("UHS") is the administrator and representative for Defendant in connection with medical services at issue in this suit.

3. Advanced Weight Loss Surgical Association ("Advanced") is and at all relevant times was a medical company, organized and existing under the laws of the State of California. Advanced Weight Loss Surgical Association is and at all relevant times was in good standing under the laws of the State of California.

4. Minimally Invasive Surgical Association ("Minimally") is and at all relevant times was a medical company, organized and existing under the laws of the State of California. Minimally is and at all relevant times was in good standing under the laws of the State of California.

5. Advanced and Minimally together will be referred to as "Medical Providers".

6. Plaintiff, Mariana Romero ("Patient"), is and at all relevant times was a resident of the State of California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sues said defendants by such fictitious names. PLAINTIFFS are informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages

proximately thereby to PLAINTIFFS. PLAINTIFFS will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

8. At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were the agents and/or employees of each of the remaining defendants and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent. At all times herein mentioned, DEFENDANT/s had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether and/or how to pay claims; issuing remittance advices and explanations of benefits statements; making payments to Medical Provider and Patient.

## GENERAL ALLEGATIONS

9. This complaint arises out of the failure of DEFENDANT to make proper payments and/or the underpayment to Medical Providers for surgical care, treatment and procedures provided to Plaintiff, who is an insured, member, policyholder, certificate-holder and is and was otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by UHS and DEFENDANT and DOES 1 through 10, inclusive.

10. Patient received insurance through Defendant, Patient's employer. Patient's receipt of health benefits through Defendant is a significant part of Patient's compensation from Defendant. Patient obtains insurance through Defendant for the specific purpose of ensuring that Patient will have access to medically necessary treatments, care, procedures, and surgeries by medical practitioners like Medical Providers and ensuring that DEFENDANT would pay for the health care expenses incurred by Patient.

11. Patient pays Patient's insurance premiums based on the information provided to Patient by Defendant and as Patient is directed to do by Defendant.

12. It is standard practice in the health care industry that when medical providers enter into a written preferred provider's contract, medical providers agree to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being preferred or contracted providers.

13. Those benefits include an increased volume of business because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted providers, such as advertising that the providers are "in network" and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from contracted providers.

14. Conversely, when medical providers, such as Medical Providers, do not have a written contract or preferred provider agreement, the medical providers receive no referrals.

15. The medical providers have no obligation to reduce their charges. The health plan is not entitled to a discount from the medical providers' total bill charge for the services rendered, because it is not providing the medical providers with in-network medical providers benefits, such as increased patient volume and direct payment obligations.

16. Plaintiff understands Plaintiff's health plan to be a plan governed by the Employee Retirement Income Securities Act of 1974 ("ERISA"). As a result, Plaintiff contends that Plaintiff's health plan is an ERISA health plan ("ERISA Plan").

17. Defendant has failed to pay for any of the medical services received by Plaintiff and provided by Medical Providers. As result, Plaintiff brought suit seeking proper reimbursement under Plaintiff's health plan.

## SPECIFIC FACTS

18. On December 16, 2020, Plaintiff received medical services from Medical Providers.

19. The medical procedures were successful.

20. Following the procedure, Medical Providers submitted bills both to Plaintiff and to Defendant in connection with the services provided to Plaintiff for a total amount of $45,000.00.

21. Defendant failed to make any payment in connection with medical services provided.

22. UHS on behalf of Defendant determined that nothing should be paid and denied the procedures.

23. UHS on behalf of Defendant did not provide the basis for the denial and simply indicated they needed further documents.

24. Plaintiff appealed along with Medical Providers and submitted all documents requested by UHS on behalf of Defendant.

25. UHS on behalf of Defendant in some instances did not respond or claimed that it still had not received the documents.

26. UHS on behalf of Defendant would also simply refuse to take the documents provided by Medical Providers on Plaintiff's behalf claiming that there was no authorization on file.

27. Plaintiff and Medical Providers could not get a firm determination from Defendant and any further appeals were considered to be ineffectual. As a result, Plaintiff considered its administrative remedies as being exhausted.

28. Plaintiff contends under the ERISA plan that Defendant should have reimbursed Medical Providers based on Medical Providers full bill charge.

29. Instead, Defendant simply denied the claim for lack of documents and paid nothing.

30. Plaintiff is now responsible to Medical Providers for the full cost of the medical procedure.

31. Plaintiff seeks to obtain proper reimbursement under the ERISA plan to offset the cost that Plaintiff has incurred with Medical Providers.

## FIRST CAUSE OF ACTION

## ENFORCEMENT UNDER 29 U.S.C § 1132 (a)(1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS

32. Plaintiffs incorporates by reference all previous paragraphs as though fully set forth herein.

33. This cause of action is alleged by Patient for relief in connection with claims for medical services rendered in connection with healthcare benefits plans administered and/or underwritten by UHS on behalf of DEFENDANT.

34. Patient seeks to recover benefits and enforce rights to benefits under 29 U.S.C. §1132 (a)(1)(B). Patient is a "beneficiary" entitled to collect benefits and is the "claimant" for purposes of the ERISA statute and regulations. ERISA authorizes actions under 29 U.S.C. § 1132 (a)(1)(B) to be brought directly against DEFENDANT the party with actual control over the benefit and payment determinations with respect to medical services.

35. DEFENDANT is the payor of benefits.

36. UHS is the administrator responsible for properly adjudicating claims.

37. By reason of the foregoing, Patient is entitled to recover ERISA benefits due and owing in an amount to be proven at trial, and Patient seeks recovery of such benefits by way of the present action.

///

///

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** Mariana Romero prays for judgment against defendants as follows:

1. For compensatory damages in an amount to be determined, plus statutory interest;
2. For restitution in an amount to be determined, plus statutory interest;
3. For a declaration that DEFENDANT is obligated to pay plaintiff all monies owed for services rendered to the Patient;
4. For Attorney Fees; and
5. For such other relief as the Court deems just and appropriate.

Dated: April 10, 2023

LAW OFFICE OF JONATHAN A. STIEGLITZ

By: /s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
Mariana Romero

## DEMAND FOR JURY TRIAL

Plaintiff, Mariana Romero, hereby demands a jury trial as provided by law.

Dated: April 10, 2023

LAW OFFICE OF JONATHAN A. STIEGLITZ

By: /s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
Attorneys for Plaintiff,
Mariana Romero